■ PATRICIA A. HUTCHINSON, Appellant, v ZURICH SCUDDER INVESTMENTS, INC., et al., Respondents. [776 NYS2d 270]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 10, 2003, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's cause of action for defamation, unanimously affirmed, without costs.

Plaintiff's defamation claim is based on her supervisor's statements, made at a meeting of investment professionals employed by defendant investment firm, explaining why plaintiff was terminated the day before. The supervisor stated that the appropriate personnel at the firm had determined that, in trading certain stock on her own account, plaintiff failed to comply with regulatory procedures and the firm's internal code of ethics, and that forceful action had to be taken against her in order to maintain the firm's high standards of ethics. The motion court found an issue of fact as to whether the firm had made a final determination of an ethics violation, but nevertheless granted summary judgment on the ground that no issues of fact exist as to whether the supervisor's statements were protected by the common interest privilege or uttered with malice. On appeal, plaintiff argues that an issue of fact does exist as to whether the supervisor uttered the statements knowing that a final determination had not yet been made, or at least with a high degree of awareness that a final determination had probably not been made. We find no such issue of fact.

It appears that after the trade had been investigated by a member of the firm's ethics committee, three of the firm's ethics committee members decided, in the absence of the fourth member who was on vacation, that plaintiff should be terminated if she could not offer a reasonable explanation for the trade. It further appears that this decision was communicated to plaintiff's supervisor by the ethics committee member who investigated the trade, and that both of them, along with a

second member of the ethics committee and a member of the firm's human resources department, then summoned plaintiff to a meeting. Plaintiff was alerted at the start of the meeting that her job was on the line, and asked for an explanation. After speaking and giving certain indications that she had nothing further to say, plaintiff was excused, and the four members of the firm consulted and agreed that plaintiff failed to provide a reasonable explanation. Plaintiff was then called back to the room, and, after being given another opportunity to speak, advised that she was being terminated. The supervisor then prepared the offending statement, which was reviewed by the firm's human resources department before publication. While the supervisor admitted that he was "surprised" that the firm's ethics committee had delegated the responsibility of deciding whether there had been an ethics violation, "there is a genuine and critical distinction between lacking knowledge of a statement's falsity and being aware that it is probably false or entertaining serious doubts about its truth" (*Sweeney v Prisoners' Legal Servs.*, 84 NY2d 786, 793 [1995]). The supervisor's surprise over this delegation of authority does not raise an issue of fact as to whether he seriously doubted that the delegation had been made. Concur—Nardelli, J.P., Lerner, Friedman and Gonzalez, JJ.